

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE BLANCAS and MARIA MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>VILLAGE OF ROSEMONT, an Illinois municipal corporation, CHIEF DONALD E. STEPHENS III, PSO BURKE, Badge # 81, PSO BALSIS, Badge # 80, Village of Rosemont Police Officers in their individual capacity<br><br>Defendants. | No. 07 C 4310<br><br>Magistrate Judge Jeffrey Cole |

## MEMORANDUM OPINION AND ORDER

The plaintiffs allege that the defendant police officers searched and arrested them without probable cause and used excessive force. They sue for use of excessive force and false arrest under 28 U.S.C. §1983, and raise various state law, including Count VII, which alleges that the Village of Rosemont is liable for any judgment against the individual police officers if they were acting within the scope of their employment. The claim is based on 745 ILCS 10/9-102, which provides, in pertinent part:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

745 ILCS 10/9-102. The Village argues that the count must be dismissed because the plaintiffs lack standing to assert a claim that the police officers are entitled to indemnification, and any such claim is premature until there is a judgment entered against the officers.

The motion to dismiss relies on a single unpublished case, *Delgado v. Village of Rosemont*, No. 03 C 7050 (N.D.Ill. Feb. 23, 2004). There, the court found that the plaintiffs had no standing to demand that the defendant village indemnify its employees for their section 1983 violations, because their injury was "highly theoretical," requiring not only a jury verdict against the individual defendants, but one so large that the individual defendants would be unable to satisfy it. It appears that the motions in that case did not call to the court's attention to the cases interpreting 745 ILCS 10/9-102, for the opinion did not mention them. Hence *Delgado* is not decisive, for prior cases have precedential value only when there has been a deliberative consideration of the issue at hand and the arguments offered in support of it. *See Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993); *Cohens v. Virginia*, 19 U.S. 264, 399(1821)(Marshall, C.J.); *United States v. Rodriguez-Rodriguez*, 453 F.3d 458, 460 (7th Cir.2006); *Petrov v. Gonzales*, 464 F.3d 800, 802 (7th Cir.2006); *All-Tech Telecom v. Amway Corp.*, 174 F.3d 862, 866 (7th Cir.1999) (Posner, C.J.).

Section 9-102 is not optional – it *directs* a local municipality such as the Village of Rosemont to indemnify its employees. 745 ILCS 10/9-102; *In re Consolidated Objections to Tax Levies of School District No. 205*, 193 Ill.2d 490, 502, 739 N.E.2d 508 (2000)("The Illinois Supreme Court has stated that the broad legislative purpose behind the Tort Immunity Act is to subject local governmental units to liability in tort on the same basis as private tortfeasors, with the exception of the immunities provided by the Act."); *Brown v. King*, 328 Ill.App.3d 717, 724, 767 N.E.2d 357, 362 (Ill.App. 1 Dist. 2001)(under § 9-102, indemnification is a requirement). Nor is it a fall-back

provision should a municipal employee prove insolvent. It "confers a right," not on the municipal employee, but "on the victim of the employee's tort." *Wilson v. City of Chicago*, 120 F.3d 681, 686 (7th Cir. 1997). As such, the municipality "cannot shuck the liability itself. It *must* pay the victim . . . ." *Id.* (Emphasis supplied); *Yang v. City of Chicago*, 137 F.3d 522, 526-527 (7th Cir. 1998). So the plaintiffs here have a right, and they have standing to enforce it.

That leaves the prematurity argument. *Wilson v. City of Chicago* answers this question as well. Obviously, the Village "cannot be made to pay a judgment while the liability of its employee is still in question . . . [but] [i]t does not follow that [plaintiffs] could not proceed under § 9-102 until the judgment against [the police officers] became final." *Wilson*, 120 F.3d at 684-85. The Seventh Circuit in *Wilson* likened the § 9-102 claim to a request for a declaratory judgment against a municipality, a "typical move when an insurer . . . is in the picture, and one not invalidated by its conditional character." *Id.* at 685. The court explained that there was no benefit to forcing a plaintiff to wait until a final judgment was entered against the municipality's employees and made incontestable by exhaustion of appellate remedies. *Id.* There is certainly none here.

That aspect of *Wilson* also disposes of the argument that there can be no violation of any duty owed to the officers until the Village balks at paying any judgment that might be later entered against its employees. If there is no benefit to forcing a plaintiff to wait until a final judgment is entered against the municipality's employees before they can allege a claim under § 9-102, there can be none in making such a claim await a breach by the municipality. Not surprisingly, none of the post-*Wilson* cases discussing § 9-102 suggest that *Wilson's* application is so limited. Indeed, the few addressing the question hold to the contrary. *See Stenson v. Town of Cicero*, 2005 WL 643334, *19 (N.D.Ill.

Mar. 15, 2005); *Savin v. Robinson*, 2001 WL 1191192, *3 (N.D.Ill. Oct. 4, 2001)(rejecting argument that *Wilson* applies only where municipality refuses to pay judgment); *Hanania v. Loren-Maltese*, 56 F.Supp.2d 1010, 1019 (N.D.Ill. 1999)(*Wilson* does not require suggestion that municipality would not honor statutory indemnification obligations).

Given the pronouncements of *Wilson*, there is a wealth of authority against dismissing the type of claim the Village of Rosemont wants dismissed here. *See Sassak v. City of Park Ridge*, 431 F.Supp.2d 810, 822-823 (N.D.Ill. 2006)(plaintiff could seek judgment against municipality that would take effect when and if judgment against its employees was entered); *Cannon v. Burge*, 2006 WL 273544, *16,*22 (N.D.Ill. Feb. 2, 2006)(refusing to dismiss indemnification claims); *Stenson v. Town of Cicero*, 2005 WL 643334, 19 (N.D.Ill. Mar. 15, 2005)(rejecting argument that §9-102 did not create private right of action); *Weber v. Keller*, 2004 WL 1368792, *3 (N.D.Ill. June 16, 2004)(collecting cases); *Medina v. City of Chicago*, 100 F.Supp.2d 893, 895 n. 1 (N.D.Ill.2000) ("Indeed, the [*Wilson*] court also held that the plaintiff need not wait until he obtains a judgment against the individual officer to bring his claim against the municipality under section 9-102."); *Brown*, 328 Ill.App.3d at 724, 767 N.E.2d at 362-363 (fact that there is not yet a judgment against a local governmental employee that an employer could be ordered to pay does not prevent a plaintiff from maintaining a § 9-102 claim against the employer); *Saffold v. City of Calumet Park*, Ill. 47 F.Supp.2d 927, 931 (N.D.Ill. 1999)(claim under §9-102 no different than a declaratory judgment action).

The only cases that have gone the other way, like *Delgado*, make no mention of *Wilson*. *Cunningham v. Village of Mount Prospect*, No. 02 C 4196, 2002 WL 31628208, at *8 (N.D.Ill.

Nov.19, 2002); *Atlas v. City of North Chicago*, No. 03 C 4814, 2004 WL 816456, at *8-9 (N.D.Ill. March 12, 2004); *Concealed Carry Inc. v. City of Chicago*, No. 02 C 7088, 2003 WL 22283948, at *9 (N.D.Ill. Sept.30, 2003). Hence they are not dispositive of the issue. *See supra* at 2.

## CONCLUSION

For the foregoing reasons, the defendant Village of Rosemont's motion to dismiss Count VII [#17] is DENIED.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 5/21/08